**William R. HASSENFRATZ, Plaintiff,**

v.

**James H. GARNER, Adjutant General for the State of Mississippi, Defendant.**

Civ. A. No. 4:94–CV–151(L)(N).

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 13, 1995.

---

David Wayne Milner, Binder, Milner & Milner, Jackson, MS, Joseph A. Kieronski, Jr., Self, Jacob & Kieronski, Meridian, MS, for plaintiff.

Mitzi Dease Paige, U.S. Attorney's Office, Edward O. Pearson, Major, E. Barney Robinson, III, Captain, Bernard E. Doyle, Jr., Major, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant James H. Garner, the Adjutant General of the Mississippi National Guard, for summary judgment. Plaintiff responded to the motion, and the court, having considered the memoranda of the parties, concludes that the case should be dismissed as nonjusticiable.

Plaintiff was employed as a civilian technician with the Mississippi Air National Guard (ANG) for more than twenty-three years, where he worked in aircraft maintenance. He was discharged from his position after he allegedly willfully damaged the fairing assembly of one of the aircraft and allegedly made threatening remarks to his superiors. Plaintiff asked for and received an administrative hearing regarding his discharge. His discharge was upheld. Plaintiff subsequently filed suit, alleging that his discharge was in violation of his right to free speech under the First Amendment, his Eighth Amendment right not to be subject to excessive punishment, and his right to due process of law.

■ Matters involving military personnel actions are generally nonjusticiable. As the Supreme Court noted in *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983):

> The special status of the military has required, the Constitution has created, and this Court has long recognized two systems of justice, to some extent parallel: one for civilians and one for military personnel. The special nature of military life—the need for unhesitating and decisive action by military officers and equally disciplined responses by enlisted personnel—would be undermined by a judicially created remedy exposing officers to personal liability at the hands of those they are charged to command. Here, as in *Feres*, we must be "concern[ed] with the disruption of '[t]he peculiar and special relationship of the soldier to his superiors' that might result if the soldier were allowed to hale his superiors into court."

*Id.* at 303–304, 103 S.Ct. at 2367–2368. While the Court in *Chappell* determined that suits by military personnel against their superior officers were nonjusticiable, the Supreme Court in *United States v. Stanley*, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987), held that the "incident to service" test from *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), should apply to all *Bivens* actions brought by military personnel for matters relating to their military service. Under this test, courts look solely to the nature of the acts underlying the claims brought by a member of the military. If the acts are incident to service in the armed forces, then the suit, even if it raises constitutional claims, is nonjusticiable.

> A test for liability that depends on the extent to which particular suits would call into question military discipline and decisionmaking would itself require judicial inquiry into, and hence intrusion upon, military matters. Whether a case implicates

those concerns would often be problematic, raising the prospect of compelled depositions and trial testimony by military officers concerning the details of their military commands. Even putting aside the risk of erroneous judicial conclusions (which would becloud military decisionmaking), the mere process of arriving at correct conclusions would disrupt the military regime. The "incident to service" test, by contrast, provides a line that is relatively clear and that can be discerned with less extensive inquiry into military matters.

483 U.S. at 682–83, 107 S.Ct. at 3062–3063. Whereas *Chappell* prohibited suits against superior officers by their subordinates, the court in *Stanley* prohibited suits against anyone based on acts or events incident to service. The court found that the incident to service test is consistent with Constitutional provisions allocating responsibility for military matters to the political branches of the government and not to the judiciary:

> [T]he Constitution explicitly conferred upon Congress the power, *inter alia*, "[t]o make Rules for the Government and Regulation of the land and naval Forces," U.S. Const. Art. I, § 8, cl. 14, thus showing that "the Constitution contemplated that the Legislative Branch have plenary control over rights, duties, and responsibilities in the framework of the Military Establishment...."

483 U.S. at 679, 107 S.Ct. at 3061 (citation omitted) (emphasis in original).

■ The court should not consider whether a remedy will be available to a plaintiff who is in the military absent judicial intervention.[1] "[I]t is irrelevant ... whether the laws currently on the books afford [the plaintiff], or any other particular serviceman, an 'adequate' federal remedy for his injuries." 483 U.S. at 683, 107 S.Ct. at 3063. The only inquiry is whether the acts which form the basis of a plaintiff's complaint are incident to service in the military. If so, then the claim is nonjusticiable.

In 1968, Congress established the position of National Guard Technician with the passage of the National Guard Technicians Act, 32 U.S.C. § 709 *et seq.* Under the Act, civilian technicians serve in a quasi-military role with the National Guard. For example, National Guard technicians must also be members of the National Guard as a condition of their employment as technicians. 32 U.S.C. § 709(b).[2]

In *NeSmith v. Fulton*, 615 F.2d 196 (5th Cir.1980), the Fifth Circuit held that a suit by a National Guard technician based on his dismissal from his job as a civilian technician was nonjusticiable as a military matter not reviewable by the courts. The court found that "Formally, a civilian technician is a federal civil employee outside the competitive civil service. In substance, however, the position is one in a military organization." *Id.* at 201. The court continued:

> [O]ne of the express purposes of the National Guard Technicians Act was to "recognize the military characteristics of the National Guard" by requiring civilian technicians to be military members of the National Guard and by providing for their supervision by the adjutants general pursuant to regulations prescribed by the secretary of the relevant military department. H.R.Rep. No. 1823, 90th Cong., 2nd Sess. (1968), 1968 U.S.Code Cong. & Admin.News, p. 3319.
>
> NeSmith's challenge to the decision to terminate him as a civilian technician thus involves an internal military matter and implicates judicial concern over inappropriate intrusion into such transactions.

*Id.* In *NeSmith,* the Fifth Circuit applied the four-prong analysis established in *Mindes v. Seaman,* 453 F.2d 197 (5th Cir. 1971), to determine that the plaintiff's claim was nonjusticiable. However, this four-part analysis has been replaced by the broader "incident to service" test. *See United States v. Stanley,* supra. It follows that, using this broader test, the Fifth Circuit would hold

---

1. The court notes that the plaintiff is not left completely without redress since, as defendant submits, he can apparently appeal his discharge to the Air Force Board for Correction of Military Records.

2. Consistent with this statute, plaintiff was a member of the Mississippi Air National Guard.

that a suit brought by a civilian technician in the National Guard challenging his dismissal is a nonjusticiable military matter.

The First Circuit recently found in *Wright v. Park*, 5 F.3d 586 (1st Cir.1993), that personnel decisions regarding National Guard technicians are nonjusticiable military matters under *Stanley*, *Chappell* and *Feres* because technicians are military personnel.

> [I]t is unsurprising that, no matter the context, every court having occasion closely to consider the capacity of National Guard technicians has determined that capacity to be irreducibly military in nature. *See, e.g., Stauber v. Cline*, 837 F.2d 395, 399 (9th Cir.), *cert. denied*, 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988); *Illinois Nat'l Guard v. FLRA*, 854 F.2d 1396, 1398 (D.C.Cir.1988); *American Fed'n*, 730 F.2d at 1545–46; *New Jersey Air Nat'l Guard v. FLRA*, 677 F.2d 276, 279 (3d Cir.), *cert. denied*, 459 U.S. 988, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982); *NeSmith v. Fulton*, 615 F.2d 196, 200–01 (5th Cir. 1980). We, too, conclude that, since National Guard technicians' positions are encompassed within a military organization and require the performance of work directly related to national defense, such positions are themselves military in nature.

*Id.* at 589.

In the present case, plaintiff was dismissed for damaging the fairing assembly of a military aircraft and for making threats against his military superiors, matters which directly relate to the military readiness of the National Guard and the safety of its personnel. Furthermore, plaintiff asks for relief in terms that are distinctly military in nature:

> WHEREFORE, Plaintiff prays that the Court:
> 1. Take jurisdiction of this cause;
> 2. Issue a declaratory judgment declaring that Plaintiff's removal from enlistment is void, unlawful and of no effect, and that Plaintiff was never legally separated from his position as a military technician in the Mississippi National Guard;
> 3. Issue a mandatory injunction ordering and directing the Defendant to restore Plaintiff to his proper position as a military technician in the Mississippi National Guard as of the date of his illegal and unlawful removal from enlistment, together with all rights, benefits, and privileges, including, but not limited to, all pay and allowances, that would have accrued from a continuity of service from the date of Plaintiff's illegal discharge to the date of judgment herein; and,
> 4. Grant such other relief and [sic] the Court may deem proper.

Plaintiff's Complaint, p. 7.

The court is convinced that this case involves a nonjusticiable military command decision which relates directly to the military readiness of the Mississippi Air National Guard. Federal courts are not in the business of requiring military commanders to retain personnel whom they deem untrustworthy in positions which directly affect the military readiness and safety of those under their command. In this case, the military command of the Mississippi Air National Guard found that plaintiff willfully damaged part of a military aircraft and threatened his superiors. Whether or not these findings are in fact true is irrelevant to the court's inquiry, because as is made clear by *Chappell*, *Stanley* and their progeny, allowing military personnel to bring their superiors into court regarding military command decisions would seriously undermine the authority of the military command structure. Personnel decisions of the Adjutant General of the Mississippi National Guard are not subject to review in federal court where, as here, the person discharged was employed in an area that directly relates to military readiness and the safety of military personnel. The acts of which plaintiff complains arose incident to his service in the military. Therefore, plaintiff's claims are nonjusticiable.

For the foregoing reasons, plaintiff's complaint will be dismissed with prejudice. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED.